IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EC & SM GUERRA, LLC, D/B/A GUARDIAN ANGEL CHILD DEVELOPMENT CENTER; *Plaintiff* | § § § § § | SA-20-CV-00660-XR |
| -vs- | § § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, *Defendant* | § § § § | |

### ORDER

On this date, the Court considered Defendant's motion to strike and motion to dismiss (docket no. 9). After careful consideration, Defendant's motion to dismiss the claim of fraud, fraud by nondisclosure, and breach of fiduciary duty is **GRANTED**. Defendant's motion to strike is **DENIED**.

### BACKGROUND

Plaintiff EC & SM Guerra, LLC D/B/A Guardian Angel Child Development Center, brings this action against Defendant Philadelphia Indemnity Insurance Company ("PIIC"), alleging claims stemming from a commercial property insurance policy issued by PIIC. Docket no. 6. Plaintiff owns property located at 209 Honeysuckle Lane, San Antonio, Texas 78213 (the "Property"), which is covered by a commercial property insurance policy through PIIC. *Id*. ¶¶ 6–7. On or about March 18, 2018, Plaintiff's property sustained windstorm damage. *Id*. ¶ 9. Plaintiff submitted a claim to PIIC to recover the cost of fixing significant damage to the Property's roof. *Id*. ¶¶ 9–10. On March 27, 2018, PIIC sent Mr. Jason Hodge to inspect the roof and investigate the claim. Mr. Hodge determined that Plaintiff's claim did not meet the

conditions for full policy coverage through his investigation of the damages. *Id*. ¶ 10.

Subsequently, Plaintiff submitted the claim for an appraisal pursuant to the policy. *Id*. ¶ 16. The appraisers conducted their inspection of the Property on April 10, 2020 and issued an award of $81,051.53. *Id*. On April 23, 2020, PIIC notified Plaintiff that they would not honor the appraisal and maintained their position that the insurance policy did not cover some of the appraised damages. *Id*. ¶ 17.

Plaintiff filed its original complaint on June 2, 2020, asserting causes of action for bad faith, breach of contract, violations of the Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code, late payments claim, common law fraud, fraud by nondisclosure, and breach of fiduciary duties. Docket no. 1. Plaintiff filed an amended complaint on June 12, 2020. Docket no. 6. On September 11, 2020, Defendant filed a motion to strike paragraphs 18–32 and a motion to dismiss Plaintiff's claims of common law fraud, fraud by nondisclosure, and breach of fiduciary duties. Docket no. 7. Defendant argues that Plaintiff's amended complaint fails to plead their allegations of fraud and fraud by nondisclosure with sufficient particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure and fails to establish that PIIC owed a fiduciary duty to Plaintiff. *Id*. ¶¶ 2–7.

## DISCUSSION

### I. Legal Standard

#### a. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. February 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex. May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th

3

Cir. 2000).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 US at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 US at 678 (quoting *Twombly*, 550 US at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### b. Motion to Strike

Rule 12(f) provides that "a district court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are not favored, and portions of complaints should be stricken only if the challenged allegations are prejudicial to the [d]efendant or immaterial to the lawsuit." *Brown v. Etena Ins. Co.*, No. EP–13–CV–131–KC, 2013 WL 3442042 at *2 (W.D. Tex. July 8, 2013) (citing *Kaiser Aluminum & Chem. Sales, Inc.* v. *Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir.1982)). "As for matters challenged as 'redundant, immaterial, impertinent, or scandalous matter,' a district court should not strike challenged allegations or pleadings simply because they 'offend the sensibilities' of the objecting party." *Id*. (quoting *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012)). Matters that are challenged in pleadings should only be stricken if they possess "no possible relation to the controversy." *Id*. Where a challenged

matter is "directly relevant to the controversy at issue" and is at least "minimally supported" by the allegations set forth in the pleadings, it should not be stricken under Rule 12(f). *Id.*

### II.     Analysis

Plaintiff's claims are based on an alleged promise made by PIIC to Plaintiff that led Plaintiff to believe that PIIC would fully cover any damages or losses to the Property under the policy. Plaintiff alleges that PIIC performed an unreasonable investigation and did not disclose material facts to explain its determination that the damages were not fully covered. It asserts that Defendant made misrepresentations and engaged in unreasonable settlement practices that resulted in the denial of coverage.

### A.  Common-law fraud and fraud by nondisclosure

Plaintiff asserts claims for, *inter alia*, common-law fraud and fraud by nondisclosure. Docket no. 6 ¶¶ 71–76. Plaintiff alleges that PIIC committed common law fraud by falsely representing to Plaintiff that it would would "pay the full cost of casualty losses, less the policy deductible, that plaintiff suffered in a covered event." *Id.* ¶ 73. Plaintiff further alleges that PIIC did not disclose to Plainitff that its claim handling system was designed only to make a profit, constituting fraud by nondisclosure. *Id.* ¶ 75. PIIC argues that "denials, payment disputes, and post-loss statements regarding coverage for a claim are not misrepresentations . . . [a] mispresentation only occurs if situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage.'" Docket no. 7 ¶ 5 (citing *Texas Mutual Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–46 (Tex. 2012)). Defendant further argues that Plaintiff's claims fail to identify "specific statements that serve as the basis for Plaintiff's fraud claim" and do not satisfy the heightened pleading requirements under Rule 9(b) *Id*. Plaintiff responds that the Court should apply Texas law in a diversity case and that the heightened pleading requirements of Rule 9(b) do not apply. Docket no. 9 ¶¶ 9–10.

Federal courts must follow Federal Rules of Civil Procedure in a diversity case. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts are to apply state substantive law and federal procedural law."). Accordingly, in pleading common law fraud and fraud by nondisclosure, Plaintiff must satisfy the heightened pleading requirements of Rule 9(b). *Williams*, 112 F.3d at 177.

"Under Texas law, to state a claim for common-law fraud based upon an affirmative false representation, [plaintiff] must allege that the [d]efendants made 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008) (citing *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 929–30 (Tex.1996)). Here, Plaintiff alleges that PIIC committed common law fraud because "[PIIC] made the material representation to Plaintiff that [PIIC] would pay the full cost of casualty losses . . . This representation was false. When [PIIC] made this representation, [it] either knew the representation was false or made the representation recklessly . . . ." Docket no. 6 ¶ 73. Plaintiff further asserts that Defendant "knew that [Plaintiff] was seeking peace of mind, and [PIIC] made the representation knowing that [P]laintiff would act on it." *Id*.

The Court finds that Plaintiff has failed to satisfy the heightened pleading standards of Rule 9(b). The Amended Complaint does not identify any specific statements made by, or on behalf of PIIC, or explain how those statements amounted to misrepresentations, and instead simply asserts that Defendant made a "promise." *Id*. However, "a policy's promise to promptly compensate does not become a misrepresentation merely because an insurance carrier disputes whether an injury is compensable and delays payment." *Effinger v. Cambridge Integrated Servs. Grp.*, 478 F. App'x 804, 807 (5th Cir. 2011). Plaintiff's claims sounding in fraud fail to allege

6

with sufficient specificity the "who, what, when, and where" of any alleged misrepresentations. *Williams*, 112 F.3d at 178. Without an identifiable misrepresentation that is distinct from the broad promise to pay a claim in a covered event, Plaintiff merely alleges that there was a false representation that Defendant knew was false and intended to induce Plaintiff's reliance. These conclusory allegations are insufficient to state a claim for common law fraud.

To support its claim for fraud by nondisclosure, Plaintiff alleges that PIIC failed to disclose to Plaintiff that "their claim handling program increased corporate profits at Plaintiff's expense." Docket no. 6 ¶ 75. Plaintiff argues that this failure to disclose the fact that PIIC is in the business of insurance to make a profit induced Plaintiff to buy a policy. Under Texas law, to plead fraud by nondisclosure Plaintiff must show that (1) [PIIC] failed to disclose facts to Plaintiff; (2) there was a duty to disclose those facts; (3) the facts were material." *Douglas v. Beakley*, 900 F. Supp. 2d 736, 750 (N.D. Tex. 2012) (citing *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys.*, Inc., 245 S.W.3d 488, 508 n.27 (Tex. App. —Houston 2007, pet. denied). It is unclear from the Complaint what duty PIIC had to disclose to Plaintiff that their business intends to profit. Under Texas law, a duty to disclose arises from a confidential or fiduciary relationship. *Tempo Tamers, Inc. v. Crow-Houston Four, Ltd.*, 715 S.W.2d 658, 669 (Tex. App. — Dallas 1986, writ ref'd nre). Plaintiff only alleges that "[b]ecause the operation of [D]efendant's claim handling system directly contradicted the promises that Philadelphia Indemnity made to [Plaintiff], Philadelphia Indemnity had a duty to disclose." Docket no. 6 ¶ 75. This fails to satisfy the heightened pleading standards of Rule 9(b).

Plaintiff also fails to present facts to establish that Plaintiff was unaware insurance businesses are trying to make a profit, how this fact is material, and how it induced Plaintiff to purchase the policy. Additionally, Plaintiff fails to identify any specific provision of the actual policy that the PIIC failed to disclose to Plaintiff during the policy's purchase. Thus, Plaintiff

has not put PIIC on fair notice of the allegations made against it. *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-CV-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions"). Accordingly, Plaintiff's claims for fraud and fraud by nondisclosure must be dismissed for failing to satisfy the pleading requirements of Rule 9(b).

### B. Breach of fiduciary duty

Plaintiff asserts claims for breach of fiduciary duty based on PIIC's alleged failure to use the premium "funds to pay policyholder claims," and not "[setting] those funds aside in escrow for the purpose of paying policyholder claims." Docket no. 6 ¶ 77. Defendant argues that Plaintiff's claim for breach of the fiduciary duty should fail because the "fiduciary duty is solely based on the insurance relationship, which Texas law holds is not fiduciary in nature." Docket no. 7 ¶ 7. Plaintiff responds that PIIC's breach of fiduciary duty does not stem from its contractual obligations, but from a duty to "preserve and/or use policyholder funds to benefit policyholders by paying covered policyholder claims." Docket no. 9 ¶ 20. Plaintiff asserts that "contract does not govern the source of those funds," but rather, it is a "fiduciary duty with respect to Philadelphia Indemnity's care and use of these collected policyholder funds." *Id.* ¶ 21. PIIC respondeds that "[i]nsurance premiums are paid as part of the contractual relationship and that contractual relationship is insufficient to establish a fiduciary relationship as a matter of Texas law." Docket no. 10 ¶ 4.

Under Texas law, "there is no general fiduciary duty between an insurer and its insured." *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Hou. [1st Dist.] 2003, pet. denied). "Proving the existence of a fiduciary relationship requires more than just evidence of prior dealings between the parties, and subjective trust by one party in another does

not establish the requisite confidential relationship." *Id*. "To impose an informal fiduciary relationship in a business transaction, the requisite special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Id.*

Plaintiff has not presented facts that establish a duty owed by PIIC prior to, or apart from the issue at suit. Plaintiff's allegations rely on the fact that the PIIC holds a percentage of funds from the premium to pay out claims. Docket no. 9 ¶ 20. However, even accepting this as true, this does not establish that a relationship existed prior to or part from Plaintiff's and PIIC's insurance agreement. The Court cannot reasonably infer that Defendant owed Plaintiff a fiduciary duty because the Amended Complaint does not set forth any facts to establish the existence of an informal relationship with PIIC's agents outside of the policy. *Wayne Duddlesten, Inc.*, 110 S.W.3d 85 at 96. Even if an insurance contract's mere existence created a fiduciary duty, the Amended Complaint's factual allegations do not give the Court any indication of how Defendant allegedly breached this heightened duty. Accordingly, the claim for breach of fiduciary duty must be dismissed.

### C. Motion to strike

PIIC argues that paragraphs 18–38 should be stricken because they are prejudicial and contain "irrelevant . . . background material" on alleged insurance companies' "[mistreatment of] their policyholders." Docket no. 7 ¶ 3. Defendant argues that Plaintiff "makes no attempt to tie the allegations in these paragraphs to the facts supporting its claims against PIIC," and does not even "reference PIIC or the facts surrounding this dispute." *Id*. Therefore, the material in paragraphs 18–38 is "grossly misleading." *Id*.

Defendant's arguments that paragraphs 18–38 are irrelevant historical background is without merit. Defendant argues that "[s]uperfluous historical allegations are also a proper subject of a motion to strike," relying on its interpretation of *Healing v. Jones*, 174 F. Supp. 211,

220 (D. Ariz. 1959). However, this case is inapposite. In *Healing,* the plaintiff's pleadings contained material that dated back prior to 1882 (77 years before the case), which had no bearing on the case's issues. *Id*. In the present case, Defendant has not identified how Plaintiff's historical background is not relevant to the case. The Court declines to strike material from a pleading as prejudicial when that material alleges the defendant industry's current practices. *See Brown*, 2013 WL 3442042 at *2 (indicating that challenged portions of a complaint should be stricken only if they possess "no possible relation to the controversy."). Accordingly, Defendant's motion to strike paragraphs 18–38 of the amended complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims of common law fraud, fraud by nondisclosure, and breach of fiduciary duty (docket no. 7) is **GRANTED,** and those claims are **DISMISSED WITH PREJUDICE**. Defendant's motion to strike is **DENIED**.

It is so **ORDERED**.

SIGNED this 21st day of October, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE